# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### December 14, 2011 Session

## JENNIFER BIVINS, as next of kin and natural parent of BRANDON BIVINS, deceased v. CITY OF MURFREESBORO

**Direct Appeal from the Circuit Court for Rutherford County**
**No. 53125      Robert E. Corlew, III**

**No. M2011-00634-COA-R3-CV - Filed December 28, 2011**

Plaintiff filed an action against the City of Murfreesboro pursuant to the Governmental Tort Liability Act, claiming a dangerous and unsafe roadway caused an automobile accident in which her son was killed. The trial court determined the City had no notice of an unsafe or dangerous condition, and entered judgment in favor of the City. Upon appeal, we reversed on the issue of notice, holding that previous accidents on adjacent areas of the roadway provided sufficient notice to the City of a potentially dangerous condition. Upon remand, the trial court entered judgment in favor of Plaintiff, and assessed 60% fault to the City. We vacate and remand for further findings consistent with Rule 52 of the Tennessee Rules of Civil Procedure.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Richard W. Rucker, Murfreesboro, Tennessee, for the appellant, City of Murfreesboro.

William Gary Blackburn, Nashville, Tennessee, for the appellee, Jennifer Bivins.

### MEMORANDUM OPINION[1]

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse
or modify the actions of the trial court by memorandum opinion when a formal opinion

(continued...)

This lawsuit arises from an automobile accident that occurred in July 2005. This is the second appearance of this matter in this Court. Plaintiff's son, Brandon Bivins (Mr. Bivins) was driving east-bound in the rain on South Rutherford Boulevard in Murfreesboro when he lost control of his car, crossed the center line of the roadway, and hit a vehicle driven by Daniel Spencer. A tractor trailer then hit both vehicles, and Mr. Bivins and Daniel Spencer both were killed. *Bivins v. Murfreesboro*, M2009-01590-COA-R3-CV, 2010 WL 2730599, *1 (Tenn. Ct. App. Jul. 9, 2010)("*Bivins I*"). Mr. Bivins' mother, Plaintiff Jennifer Bivins (Ms. Bivins) filed an action for negligence against the City of Murfreesboro ("the City"). In her action, Ms. Bivins alleged that an unsafe and dangerous roadway condition caused the accident, and that the City had notice of the dangerous and unsafe condition. *Id.* The trial court determined that the City did not have notice of a dangerous or unsafe condition along the particular segment of the roadway at which the Bivins' accident occurred. *Id.* at *3.

Upon review of the record on appeal, we determined that, in light of the totality of the circumstances, "the [C]ity had notice of the conditions that created safety problems on South Rutherford" on and before the date of the accident. *Id*. at *4. We found the trial court's order to be "devoid of any findings as to the existence or nonexistence of any unsafe or dangerous condition of the road at any location." We further "decline[d] to find that the words 'we do not find fault on the City,' in the context in which they were used, constitute[d] a finding that no unsafe or dangerous condition existed." *Id*. We reversed the trial court's judgment in favor of the City, and remanded for a determination of whether the road was unsafe or dangerous. *Id.*

Upon remand, the trial court concluded the pavement was "dangerous in the rain particularly when a car, in the condition that the Bivins['] car was in, is driving upon the road." The trial court assessed 40% fault to Mr. Bivins because he was "operating his vehicle with the rear tires worn free of tread," and 60% fault to the City. The trial court found damages in the amount of $206,000.00, and awarded judgment in the amount of $123,600.00 to Ms. Bivins. The trial court entered final judgment on February 22, 2011, and the City filed a timely notice of appeal to this Court.

---

[1](...continued)
would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

### *Issues Presented*

The City presents three issues for our review, as we somewhat abbreviate them:

(1)     Whether the evidence preponderates against the finding of the trial court that the injury was caused by a defective, unsafe or dangerous condition at the location where the accident occurred.

(2)     Whether the trial court's ruling that "the roadway was defective or dangerous within the meaning of the Governmental Tort Liability Act in the rain, particularly when a car, in the condition that the Bivins['] car was in, was driving upon the road" met the standard for governmental liability found in TCA 29-20-203.

(3)     Whether the trial court erred by placing incorrect and undue emphasis on the prior statement by the Court of Appeals "that on and before July 5, 2005 the City had notice of the condition that created safety problems on South Rutherford."

Ms. Bivins raises two additional issues:

(1)     Whether the evidence preponderates against an assessment of 40% fault to Plaintiff/Decedent.

(2)     Whether the evidence preponderates against a finding of damages of only $206,000.00 for the death of a twenty-three year old male because it fails to compensate the mother for loss of filial consortium.

### *Standard of Review*

We review the trial court's findings of fact *de novo*, with a presumption of correctness, and will not reverse those findings unless the evidence preponderates against them. Tenn. R. App. P. 13(d); *Berryhill v. Rhodes*, 21 S.W.3d 188, 190 (Tenn. 2000). Insofar as the trial court's determinations are based on its assessment of witness credibility, we will not reevaluate that assessment absent evidence of clear and convincing evidence to the contrary. *Jones v. Garrett*, 92 S.W.3d 835, 838 (Tenn. 2002). Our review of the trial court's conclusions on matters of law, however, is *de novo* with no presumption of correctness. *Taylor v. Fezell*, 158 S.W.3d 352, 357 (Tenn. 2005). We likewise review the trial court's application of law to the facts *de novo*, with no presumption of correctness. *State v. Thacker*,

164 S.W.3d 208, 248 (Tenn. 2005).

### *Discussion*

We turn first to the third issue presented by the City in its brief. The City asserts that the trial court construed our statements in *Bivins I* as necessitating a finding that a dangerous or unsafe condition existed on the segment of South Rutherford at which the July 2005 accident occurred. The City contends in its brief:

> When issuing the revised ruling on January 7, 2011, the Trial Court made reference to its original ruling regarding the question of notice to the City. The Trial Court went on to state that the Court of Appeals had ruled that the City had notice "of a dangerous condition where Mr. Bivins had his accident".

This is not quite what the Court of Appeals ruled. The Court of Appeals did not state that there was a "dangerous condition"; it stated on page 4 of its opinion that the "city had notice of the conditions that created safety problems on South Rutherford." The choice of words of the Trial Court in characterizing the ruling of the Court of Appeals shows that the Trial Court felt that the Court of Appeals had already ruled that a "dangerous condition" existed "where Mr. Bivins had his accident". The Trial Court felt that it had "to follow the ruling of the Court of Appeals", but it did not make any findings of fact regarding which condition of the road (among the four conditions commented on by Plaintiff's expert) it was that fell below a standard of care. It is evident that the Trial Court did not feel that any of the Plaintiff's alleged conditions met the requirements for negligence because there is no finding of fact addressing any one of them.

The Trial Court's January 7, 2011 ruling did not base the "dangerous condition" on the change of coefficient of friction from the newer asphalt to the older asphalt. In fact, in its initial ruling, the Trial Court said there was insufficient evidence to do so. The present ruling did not base the dangerous condition on a lack of superelevation (even Plaintiff's expert said the lack of superelevation was an acceptable practice at the Bivins bend). The present ruling did not base the dangerous condition on the percentage of accidents occurring in wet weather (there was no standard percentage testified to by Plaintiff's expert nor were there any documents that he located supporting a standard). The present ruling did not base the dangerous condition on the polish of the road surface (no measurements, touching or looking were made by Plaintiff's expert and the test run by the Murfreesboro police showed the

-4-

coefficient of friction to be adequate). The only statement made by the Trial Court addressed three factors: "rain, road condition and the condition of Mr. Bivins['] car including its rear tires". The lack of clarity of this statement is highlighted by the fact that there was no other evidence at trial addressing any other condition of Mr. Bivins['] car except for the rear tires. It is plain that the Trial Court made its finding solely because it felt that it had no choice based on its perception of the ruling of the Court of Appeals (that there was a dangerous condition in existence).

The way the Trial Court's ruling presently stands, any citizen who chooses to drive on bald tires on a wet street is entitled to expect that the street will have sufficient coefficient of friction that their bald tires will not skid. This ruling creates a standard that no City can ever meet. In selecting this extreme standard, the Trial Court responded to a perceived command by the Court of Appeals that there must be a dangerous condition, while at the same time the Trial Court recognized that there were no standards and no evidentiary support for any of the Plaintiff's claims of negligence.

Without opining on whether the City is correct in its assertion that there is "no evidentiary support" in the record to sustain a finding that the portion of South Rutherford upon which the Bivins' accident occurred was dangerous or unsafe, we agree with the City that the trial court's order reflects a somewhat understandable misinterpretation of our holding in *Bivins I*. As the City asserts, the trial court made no particular findings to support its conclusion that the relevant portion of the roadway was unsafe or dangerous in July 2005. In its February 2011 order, the trial court stated:

The Court of Appeals has ruled that the City had notice of a dangerous condition where Mr. Bivins had his accident.

. . . .

To follow the ruling of the Court of Appeals, this Court starts with the question, "Of what was the City on notice?" To determine this, this Court looks at the nature of the accident. In this case, the accident of Mr. Bivins was caused by the fact that his car lost traction. This leads to the question of "Why did Mr. Bivins['] car lose traction"? This Court finds that it was due to the rain, the road condition and the condition of Mr. Bivins['] car including its rear tires. This Court concludes that the pavement where the Bivins['] accident occurred was dangerous in the rain, particularly when a car, in the condition that the Bivins['] car was in, is driving upon the road. Therefore, this Court

concludes that the road was unreasonably dangerous and this would be the fault of the City.

As the City asserts, the trial court made no findings with respect to what made the roadway dangerous or unsafe such that the City would be liable for negligence.

Rule 52 of the Tennessee Rules of Civil Procedure mandates that the trial court "shall find the facts specially and shall state separately its conclusion of law and direct the entry of the appropriate judgment." In this case, although the trial court concluded the roadway was "dangerous," it made no findings of fact to indicate what made the portion of the roadway on which the Bivins' accident occurred dangerous. We are therefore unable to review its conclusion that the City was negligent. We accordingly vacate the trial court's judgment and remand for further consideration.

In so doing, we are sensitive to the City's contention that the trial court's judgment resulted from its misinterpretation of our holding in *Bivins I*. *Bivins I* stands for the proposition that the City had notice that portions of South Rutherford were dangerous, and that the City's argument that it did not have notice of prior accidents at the exact location of the Bivins' accident was not sufficient to support dismissal of the action solely on the grounds of lack of notice. We stated in *Bivins I* that such an interpretation was too "restrictive . . . [g]iven the totality of the circumstances." This holding was based on the fact that "the city had notice of the conditions that created safety problems on South Rutherford" by reason of earlier cases. *Bivins I* at *4. *Bivins I* stands only for the proposition that the City had notice that there were unsafe areas along South Rutherford, and that such notice was sufficient to satisfy the threshold element of notice. It does not stand for the proposition that the section of the roadway upon which the Bivins' accident occurred necessarily was unsafe or dangerous, or that a dangerous condition proximately caused the July 2005 accident.

In *Bivins I*, we reversed the trial court's judgment only insofar as it was based on lack of notice. We remanded the matter for findings with respect to whether a dangerous condition in fact existed, and, if such dangerous condition existed, whether that condition proximately caused Mr. Bivins to lose control of his vehicle. As noted above, the trial court's order upon remand contains no particularized findings of fact to support its conclusion that the roadway was dangerous. Further, as the City asserts, the trial court's order appears to interpret our holding in *Bivins I* as requiring a finding of a dangerous condition. It does not.

### *Holding*

In light of the foregoing, the judgment of the trial court is vacated. This matter is

remanded for further proceedings in light of this holding. All other issues accordingly are pretermitted. Costs of this appeal are taxed to the Appellee, Jennifer Bivins.

_____

DAVID R. FARMER, JUDGE